IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Criminal Case No. 5:23-cr-03 |
| v. | ) |
| | ) In violation of: |
| OBANDIDAMU NEWTON | ) |
| | ) 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) |
| | ) 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) |
| | ) 18 U.S.C. §§ 922(g) and 924(a)(2) |
| | ) |
| | ) |

CLERK'S OFFICE U.S. DISTRICT. COURT
AT CHARLOTTESVILLE, VA
FILED

**INDICTMENT**

FEB 0 8 2023

LAURA A. AUSTIN, CLERK
BY: /s/ _____
DEPUTY CLERK

The Grand Jury charges that:

### COUNT ONE
*Possession with the Intent to Distribute of Controlled Substances*

1. On or about April 29, 2022, in the Western District of Virginia, the defendant, OBANDIDAMU NEWTON, knowingly and intentionally possessed with the intent to distribute 50 grams or more of methamphetamine, its salts, isomers, and salts of isomers, a Schedule II controlled substance.

2. All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A).

### COUNT TWO
*Possession with the Intent to Distribute of Controlled Substances*

3. On or about April 29, 2022, in the Western District of Virginia, the defendant, OBANDIDAMU NEWTON, knowingly and intentionally possessed with the intent to distribute cocaine base, a Schedule II controlled substance.

4. All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

*USAO# 2022R00422*

## COUNT THREE
*Possession of a Firearm by a Prohibited Person*

5.  On or about April 29, 2022, in the Western District of Virginia, the defendant, OBANDIDAMU NEWTON, knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm, that is, a Smith and Wesson, SD9, 9mm pistol with serial number FZL0513, said firearm having been shipped and transported in interstate commerce.

6.  All in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## NOTICE OF FORFEITURE

1.  Upon conviction of one or more of the felony offenses alleged in this Indictment, the defendant(s) shall forfeit to the United States:

    a.  any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offenses, pursuant to 21 U.S.C. § 853(a)(1);

    b.  any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of said offenses, pursuant to 21 U.S.C. § 853(a)(2);

    c.  any firearm used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances and/or raw materials, as described in 21 U.S.C. § 881(a)(1) and (2), and any proceeds traceable to such property, pursuant to 21 U.S.C. § 881(a)(11) and 28 U.S.C. § 2461(c);

    d.  any firearms and ammunition involved or used in the commission of said offenses, or possessed in violation thereof, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

2.  The property to be forfeited to the United States includes but is not limited to the following property:

    a.  **Money Judgment**

United States currency and all interest and proceeds traceable thereto, in that such sum in aggregate was obtained directly or indirectly as a result of said offenses or is traceable to such property.

b. **United States Currency and/or financial account(s)**

$5,480.65 in United States currency seized from 2645 Valley Avenue, Room 28, Winchester, Virginia on or about April 29, 2022.

c. **Firearms and Ammunition**

Smith and Wesson, SD9, 9mm pistol, with serial number FZL0513.

3. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

  a. cannot be located upon the exercise of due diligence;
  b. has been transferred or sold to, or deposited with a third person;
  c. has been placed beyond the jurisdiction of the Court;
  d. has been substantially diminished in value; or
  e. has been commingled with other property which cannot be subdivided without difficulty.

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of the above-described forfeitable property, pursuant to 21 U.S.C. § 853(p).

A TRUE BILL, this 8th day of February 2023.

s/FOREPERSON
FOREPERSON

CHRISTOPHER R. KAVANAUGH
UNITED STATES ATTORNEY